# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **DENNIS BATEMAN,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**NEXSTAR MEDIA GROUP, INC.,**<br><br>　　　　**Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:18-cv-00815-DBB**<br><br>**District Judge David Barlow** |

District Judge David Barlow referred this matter to Magistrate Judge Jared C. Bennett.[1] Before the court is Plaintiff Dennis Bateman's ("Mr. Bateman") application to proceed *in forma pauperis* ("IFP").[2] Mr. Bateman filed a Notice of Appeal[3] on October 26, 2020, to appeal the court's dismissal of this case on summary judgment.

The Court of Appeals for the Tenth Circuit has held that magistrate judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is considered dispositive. *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation. Therefore, the undersigned magistrate judge submits the following Report and Recommendation regarding Mr. Bateman's application.

---

[1] ECF No. 41.
[2] ECF No. 37.
[3] ECF No. 36.

**REPORT**

Rule 24 of the Federal Rules of Appellate Procedure provides that "a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). Rule 24(a) further requires the party to attach an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.* Mr. Bateman has not previously proceeded IFP in this court and, thus, Fed. R. App. P. 24(a)(3) does not apply. The decision to grant or deny IFP status lies within the "wide discretion" of the trial court. *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999) (citations omitted). Proceeding IFP in a civil case "is a privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

The court recommends denying Mr. Bateman's application to proceed IFP on appeal for two reasons. First, based on the financial information provided in his application, Mr. Bateman has not demonstrated a financial inability to pay the required filing fee.[4] Mr. Bateman has a monthly income of $1,327.70 and does not identify any dependents.[5] Mr. Bateman has

---

[4] Instead of filing Form 4 of the Appendix of Forms as Fed. R. App. 24(a)(1) instructs, Mr. Bateman filed a form typically used to proceed IFP at the district level. While the form is not as detailed as Form 4, it provides relevant information regarding Mr. Bateman's income, and, therefore, the court accepts the form for purposes of assessing his ability to pay in this limited instance only.

[5] Assuming, based on this information, Mr. Bateman has a total yearly income of $15,932.40, his income exceeds the official poverty guidelines for a household of his size. *See* U.S. Department of Health & Human Services, Office of the Assistant Secretary for Planning and Evaluation *Poverty Guidelines*, https://aspe.hhs.gov/poverty-guidelines (last visited November 4, 2020) (listing the applicable poverty guideline for a household of one as $12,740).

approximately $185 in a bank account and his asset list includes a 2010 Volkswagen Jetta which he values at $2,000. Mr. Bateman's monthly expenses, including rent, telephone, utilities, cable, insurance, and credit card payments, total $827.71. Plaintiff allocates remaining funds to miscellaneous "domestic expenses" without indicating costs. Mr. Bateman paid his filing fee in this case before without complaint and his application fails to explain what, if any, changes in circumstance occurred to render him unable to pay the filing fee now. Overall, the court finds that Mr. Bateman is not indigent and is capable of paying the fees and costs associated with his appeal without undue financial hardship.

Second, the court also recommends denying the application because Mr. Bateman has not attempted to meet the requirements of Rule 24(a)(1)(B) or (C). Under these requirements, Mr. Bateman must address his entitlement to redress and the issues he intends to pursue on appeal. His application does neither. Without such specification, Mr. Bateman's IFP application must be denied. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see also, e.g.*, *Mohammad v. Albuquerque Police Dep't*, No. CV 16-0764 JB/WPL, 2016 WL 9021735, at *1 (D.N.M. Dec. 16, 2016) (denying plaintiff's IFP motion even though he established he was unable to pay the filing fee because his application did not include the issues he intended to pursue on appeal).

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Mr. Bateman's application to proceed IFP[6] be DENIED. Under Rule 24(a)(5) of the Rules of Appellate Procedure, Mr. Bateman may file a motion with the Tenth Circuit to proceed IFP on appeal

---

[6] ECF No. 37.

within thirty days of being served with a denial of his IFP application should Judge Barlow accept this Recommendation. Fed. R. App. P. 25(a)(5).

\* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of November 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge